[Cite as *In re L.B.*, 2013-Ohio-5648.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

IN RE: L.B., A MINOR CHILD.   :   **O P I N I O N**

:

                                       **CASE NOS. 2012-L-108**

:           **and 2012-L-143**

Civil Appeals from the Lake County Court of Common Pleas, Juvenile Division.
Case No. 2010 CV 01845.

Judgment: Affirmed.

*Mary Beth Ciocco*, 159 Crocker Park, 4th Floor, Westlake, OH 44145 (For Appellant, Michelle Comstock).

*Thomas A. McCormack*, McCormack Family Law, 1915 The Superior Building, 815 Superior Avenue, East, Cleveland, OH 44114 (For Appellee, Kelly Burk).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Michelle Comstock, appeals the judgment of the trial court denying her motion to vacate its judgment entries of July 28, 2011, and September 2, 2011, pursuant to Civ.R. 60(B)(1). For the following reasons, we affirm.

{¶2} In October 2010, Comstock filed a complaint in the trial court stating that she and appellee, Kelly Burk, were involved in a committed, personal relationship.[1] Comstock alleged the "relationship included the commitment to raise a child together."

---

1. For a complete factual and procedural recitation, please see our opinion in *In re L.B.*, 11th Dist. Lake No. 2011-L-117, 2012-Ohio-2356.

As a result, the pair arranged for Burk to be artificially inseminated; Burk gave birth to a child, L.B., on July 24, 2003. In her complaint, Comstock asserted three separate claims for relief: (1) to be designated the legal parent pursuant to R.C. 3109.04; or, in the alternative, (2) to be granted the status of "shared parent," pursuant to R.C. 2151.23; or, in the alternative, (3) to be granted rights of contact and companionship, pursuant to R.C. 3109.051.

{¶3} Burk moved for dismissal or, in the alternative, summary judgment on May 20, 2011. The magistrate ordered that a responsive pleading be filed within 14 days.

{¶4} Comstock's counsel filed a notice of withdrawal on May 31, 2011, without filing any response. Comstock filed a response through new counsel on the day the case was set for pretrial, July 8, 2011. At the pretrial, Comstock, through counsel, requested an extension of time to respond to the dispositive motion filed by Burk; this request was denied by the magistrate. The magistrate issued a decision on July 8, 2011. Thereafter, Comstock filed timely objections on July 21, 2011. In her objections, Comstock argued it was error to dismiss her case because she had failed to timely file a response to Burk's motion for summary judgment. On July 28, 2011, 20 days after the magistrate's decision and *one week after* Comstock filed her objections, the trial court announced its decision adopting the decision of the magistrate, and Comstock appealed.

{¶5} On appeal, Comstock argued it was error for the trial court to grant Burk's motion for summary judgment maintaining that a genuine issue of material fact existed regarding whether it was in the best interest of L.B. to have formal companionship and visitation established pursuant to R.C. 3109.051(B) and/or R.C. 2151.23. This court

2

issued its decision on May 29, 2012, affirming the decision of the trial court. *In re L.B.*, 11th Dist. Lake No. 2011-L-117, 2012-Ohio-2356. In that appeal, no error was assigned alleging that the trial court abused its discretion by failing to allow additional time to respond to the motion for summary judgment.

{¶6} Comstock filed an amended motion to vacate and motion for other relief in the trial court on July 25, 2012, to which Burk filed a response. In her motion, Comstock moved to vacate the trial court's judgments of both July 28, 2011, and September 2, 2011, pursuant to Civ.R. 60(B)(1), alleging she has meritorious claims and defenses and is entitled to relief on grounds of excusable neglect. The trial court denied Comstock's motion on August 22, 2012, and issued a nunc pro tunc entry on September 12, 2012. Comstock timely appealed, and the matter was assigned 11th Dist. No. 2012-L-108. She asserted five assignments of error:

> [1.] The trial court erred and abused its discretion by determining it had jurisdiction after the filing of the Notice of Appeal to rule on Comstock's pending Objections to Magistrate's Decision and issuing the September 2, 2011 Judgment Entry overruling the objections because it was divested of subject matter jurisdiction and therefore Judgment Entry was void for lack of jurisdiction.
>
> [2.] The trial court erred and abused its discretion by overruling Plaintiff-Comstock's common law motion to vacate void judgment and to issue final judgment on November 16, 2012 and by overruling plaintiff-Comstock's amended motion to vacate and motion for other relief which expressly moved for the vacation of the void judgment, inasmuch as the judgment of September 2, 2011 is void for lack of subject matter jurisdiction and is not subject to the doctrine of res judicata and collateral estoppel.
>
> [3.] The trial court erred and abused its discretion by overruling Plaintiff-Comstock's common law Motion to Vacate Void Judgment and to Issue Final Judgment on November 16, 2012, because the July 28, 2011 Judgment Entry was not a final and appealable order since it did not rule on Plaintiff-Comstock's pending Objection to Magistrate's Decision. The trial court erred and abused its

3

discretion in issuing the July 28, 2011 Judgment Entry without ruling on the pending objections to the Magistrate's decision. Further, the Eleventh District Court of Appeals issued a decision affirming the trial court's decision based on the July 28, 2011 non-final order in Case 2011-L-0117, and its decision should be vacated and dismissed.

[4.] The trial court erred and abused its discretion by overruling Plaintiff-Comstock's Amended Motion to Vacate and Motion for Other Relief on the basis that it is barred by res judicata and collateral estoppels and is being used on as a substitute for appeal.

[5.] The trial court erred and abused its discretion by overruling Plaintiff-Comstock's Amended Motion to Vacate and Motion for Other Relief on the basis that her failure to respond to the dispositive motion was not excusable neglect and erred and abused its discretion by failing to hold a hearing on the Amended Motion to Vacate.

{¶7}    Comstock moved this court to remand the matter to the trial court for the purpose of ruling on her proposed Findings of Fact and Conclusions of Law, filed September 6, 2012, as well as her motion to vacate void judgment, filed September 19, 2012. In our November 8, 2012 judgment entry, this court remanded the matter for the sole purpose of ruling on the pending motions. Comstock appealed the trial court's entry on remand, which was assigned 11th Dist. No. 2012-L-143. Thereafter, pursuant to this court's entry, case Nos. 2012-L-108 and 2012-L-143 were consolidated. Consequently, Comstock assigned the following additional assignments of error relating to case No. 2012-L-143:

[1.] The trial court committed prejudicial error and abused its discretion by denying Plaintiff-Appellant's Motion to Vacate Void Judgment and for the Court to issue a final judgment, and further, the trial court committed prejudicial error and abused its discretion in by refusing to issue a final order.

[2.] The trial court committed prejudicial error and abused its discretion by denying Plaintiff-Appellant's Amended Motion to

4

Vacate and Motion for Other Relief and by failing to hold a hearing on this motion before issuing a ruling.

{¶8} We will address Comstock's first, second, and third assignments of error, as well as Comstock's first additional assignment of error, in a consolidated analysis.

{¶9} Comstock filed her appellate brief on December 19, 2012, and her supplemental brief on February 11, 2013. Comstock also filed a motion for reconsideration pursuant to App.R. 26(A) on January 14, 2013, requesting this court to reconsider our decision of May 29, 2012, in *In re L.B.*, 11th Dist. Lake No. 2011-L-117, 2012-Ohio-2356. In her motion for reconsideration, Comstock argued this court lacked subject matter jurisdiction to decide the appeal, as the judgments from which Comstock appealed were not final, appealable orders. Specifically, Comstock maintained that the July 28, 2011 judgment was not a final, appealable order because the trial court failed to explicitly overrule or sustain her timely objections to the magistrate's decision. *See* Juv.R. 40(D)(4)(d). Comstock then maintained that the September 2, 2011 judgment entry issued by the trial court was void because the notice of appeal filed by Comstock on August 30, 2011, divested the trial court of jurisdiction to rule on Comstock's objections. Comstock's arguments in her motion for reconsideration are identical to those in the instant appeal under the aforementioned assigned errors.

{¶10} We found no merit in Comstock's motion for reconsideration. In this court's judgment entry of May 31, 2013, denying her motion for reconsideration, we recognized that Comstock's notice of appeal was filed before the final entry of judgment that otherwise would begin the running of the 30-day appeal time period; however, given the language utilized in App.R. 4, it appears said appellate rule is self-executing in establishing a new date for the original notice of appeal. *See* App.R. 4(C), ("[a] notice of

5

appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry"). Therefore, pursuant to App.R. 4(C), Comstock's initial notice of appeal of the initial announcement of decision on July 28, 2011, "is treated as filed immediately after" the September 2, 2011 order.

{¶11} Furthermore, we held that it was not until a final, appealable order was issued that Comstock filed her appellate brief and this court issued its opinion in *In re L.B.*, 11th Dist. Lake No. 2011-L-117, 2012-Ohio-2356. Comstock's objections and Burk's reply to those objections were part of the appellate record on review in case No. 2011-L-117. This court has previously reviewed and dismissed Comstock's errors espoused in her first, second, and third assignments of error, as well as Comstock's first additional assignment of error, in case No. 2011-L-117. Consequently, we find them to be without merit.

{¶12} Under her fourth and fifth assignments of error, as well as her second additional assignment of error, Comstock argues the trial court erred in denying her amended motion to vacate and motion for other relief filed on July 25, 2012.

{¶13} The decision to grant or deny a Civ.R. 60(B) motion is entrusted to the sound discretion of the trial court. *In re Whitman*, 81 Ohio St.3d 239, 242 (1998), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

{¶14} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which

6

by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶15} Regarding the moving party's obligations for a Civ.R. 60(B) motion, the Ohio Supreme Court has held:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, (1976), paragraph two of the syllabus.

{¶16} Comstock specifically contends that she set forth sufficient operative facts to warrant a finding of "excusable neglect" under Civ.R. 60(B)(1).

{¶17} "The term 'excusable neglect' is an elusive concept and has not been sufficiently defined. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). Consequently, "[t]here is no clear and established standard as to what constitutes 'excusable neglect' and therefore it is a determination left to the discretion of the trial court." *Lewis v. Auto. Techs.*, 2d Dist. Montgomery No. 19423, 2003-Ohio-1263, ¶10.

{¶18} In her motion, Comstock alleges she has a meritorious defense under R.C. 2151.23; that her failure to respond to Burk's dispositive motion of May 20, 2011, constitutes excusable neglect, as her counsel withdrew while the motion was pending; and that her motion to vacate was filed within the one-year time limitation. The trial

7

court denied Comstock's motion for several reasons, finding that: (1) Comstock failed to establish excusable neglect, as she "completely disregarded her legal duties from May 25, 2011 to and until July 8, 2011"; (2) Comstock attempted to utilize Civ.R. 60(B) as a substitute for a direct appeal; and (3) Comstock's arguments are precluded by the doctrines of res judicata and collateral estoppel. Any one of these findings would preclude relief from judgment under Civ.R. 60(B)(1).

{¶19} Upon review, we cannot say the trial court abused its discretion in denying Comstock's Civ.R. 60(B) motion. First, with respect to Comstock's argument that her counsel withdrew while Burk's summary judgment motion was pending, this same argument was made in Comstock's objections filed July 21, 2011, prior to the filing of her notice of appeal. Thus, it could have been advanced by Comstock in her direct appeal of the trial court's grant of Burk's motion for summary judgment. "[A] Civ.R. 60(B) motion may not be based on arguments that could have been raised on direct appeal." *Wells Fargo Bank, N.A. v. Smith*, 10th Dist. Franklin No. 09AP-559, 2009-Ohio-6576, ¶11.

{¶20} Nevertheless, Comstock has failed to demonstrate excusable neglect. As recognized by the trial court, Comstock was served the order granting her 14 days to respond to Burk's motion for summary judgment via regular mail on May 25, 2011. Therefore, even though Comstock's counsel withdrew prior to filing a response, Comstock was aware of this 14-day deadline. Comstock, although not represented by counsel, failed to file a response or seek an extension. In fact, it was not until the day of the pretrial—July 8, 2011—that Comstock, then represented by legal counsel, sought an extension. We agree with the trial court's finding that Comstock "completely

8

disregarded her legal duties from May 25, 2011 to and until July 8, 2011." Comstock's inaction during this period is not excusable neglect, as she was subject "to the same rules and procedures as litigants with counsel." *See Ragan v. Akron Police Dept.*, 9th Dist. Summit No. 16200, 1994 Ohio App. LEXIS 137, *7 (Jan. 19, 1994). "Under the general definition of excusable neglect, it is some action 'not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident.'" *McEnteer v. Moss*, 9th Dist. Summit Nos. 22201 & 2220, 2005-Ohio-2679, ¶14, quoting *Black's Law Dictionary* 566 (6th Ed.1990).

{¶21} Comstock's fourth and fifth assignments of error, as well as her second additional assignment of error, are without merit.

{¶22} Based on the opinion of this court, the judgment of the Lake County Court of Common Pleas is hereby affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.


_____


COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶23} I concur with the majority's well-reasoned disposition of this procedurally complex case. However, I find it disturbing that the entire case, both in the trial court, and on appeal, has necessarily revolved around procedure. In *In re Bonfield*, 97 Ohio St.3d 387 (2002), the Supreme Court of Ohio set forth the analysis that should apply to

9

situations such as this: (1) whether a shared custody agreement exists; (2) suitability of the custodian(s); and (3) the best interest of the child. *Id.* at ¶45-50. *Accord In re Mullen*, 129 Ohio St.3d 417, 2011-Ohio-3361, ¶11. None of these fundamental issues – particularly the best interest of L.B. – was ever reached by the trial court, due to procedural problems. I am encouraged by the fact that the juvenile court retains jurisdiction, and a new case can be filed. As the questions of whether a shared custody agreement between Ms. Burk and Ms. Comstock actually existed, whether Ms. Comstock is a suitable custodian for L.B., or whether a shared custody agreement is in L.B.'s best interest, were never actually litigated or decided, collateral estoppel does not apply. *Williams v. Chippewa Roofing, Inc.*, 9th Dist. Wayne No. 96CA0089, 1997 Ohio App. LEXIS 3759, *5-6.

{¶24} I concur.