[Cite as *Kirtland v. Brown*, 2019-Ohio-748.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| CITY OF KIRTLAND, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-092** |
| JERRY L. BROWN, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 2018 TRD 02998.

Judgment: Affirmed.

*Michael P. Germano*, City of Kirtland Prosecutor, 37265 Euclid Avenue, Willoughby, OH 44094 (For Plaintiff-Appellee).

*Jerry L. Brown, Jr.*, pro se, 304 Maplebrook Drive, Painesville, OH 44077 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Jerry L. Brown, Jr., appeals his conviction for speeding in the Willoughby Municipal Court. For the following reasons, we affirm the conviction.

{¶2} On May 16, 2018, Brown was issued a traffic citation, charging him with violating Kirtland Ordinance 434.03 (Maximum Speed Limits; Assured Clear Distance Ahead), by operating a vehicle upon a public highway, Chillicothe Road, near Kirtland Road at a speed of 50 MPH in a 35 MPH zone.

**{¶3}** On May 30, 2018, Brown appeared in Willoughby Municipal Court and a plea of not guilty was entered on his behalf.

**{¶4}** On June 7, 2018, Brown filed a Motion to Suppress All Evidence and a Motion to Dismiss Complaint for Failure to State an Offense. On June 12, 2018, Brown refiled the Motions with proper service on the City of Kirtland.

**{¶5}** On June 14, 2018, a bench trial and hearing on pending Motions was held before a magistrate. Brown was found guilty of violating Kirtland Ordinance 434.03 and fined fifty dollars. The municipal court adopted the magistrate's decision on the same day.

**{¶6}** On June 15, 2018, Brown filed an objection to the magistrate's decision.

**{¶7}** On July 5, 2018, Brown filed a Notice of Appeal.

**{¶8}** On July 12, 2018, the municipal court denied Brown's objection.[1]

**{¶9}** On appeal, Brown raises the following assignments of error:

**{¶10}** "[1.] The trial court erred to the prejudice of Defendant-Appellant by failing to take judicial notice of the entire state statute upon which Defendant-Appellant's defense was predicated."

**{¶11}** "[2.] The trial court erred to the prejudice of Defendant-Appellant in denying his written and oral motion to suppress all evidence gathered by the arresting officer."

---

1. Per Appellate Rule 4(C), we construe the Notice of Appeal as filed immediately after the Judgment Entry denying the objection. App.R. 4(C) ("[a] notice of appeal filed after the announcement of a decision, order, or sentence but before entry of the judgment or order that begins the running of the appeal time period is treated as filed immediately after the entry"); *In re L.B.*, 11th Dist. Lake Nos. 2012-L-108 and 2012-L-143, 2013-Ohio-5648, ¶ 10.

{¶12} "[3.] The trial court erred to the prejudice of Defendant-Appellant in overruling his motion for judgment of acquittal where Plaintiff-Appellee failed to establish its burden of proof."

{¶13} "[4.] The trial court erred to the prejudice of defendant in finding the affidavit/Complaint sufficient in law to charge an offense in reference to Defendant-Appellant's Motion to Dismiss for Failure to State an Offense."

{¶14} "[5.] The trial court erred in finding Defendant-Appellant guilty where there was an absence of a posted speed limit sign."

{¶15} "[6.] The trial court erred in ruling against Defendant-Appellant in that its verdict was against the manifest weight of the evidence."

{¶16} In the first assignment of error, Brown contends that the magistrate failed to take "proper judicial notice * * * of the relevant statutes or definitions to the prima facie speed limit where defendant was stopped." Appellant's brief at 4. He then references subsections (b)(3) and (b)(6) of Kirtland Ordinance 434.03, which provide, respectively, that it is "prima facie lawful" to operate a motor vehicle "[t]hirty-five miles per hour on all state routes or through highways within the municipality outside business districts" and "[f]ifty miles per hour on state routes within the municipality outside urban districts unless a lower prima facie speed is established as further provided in this section."

{¶17} Brown's argument is not so much that the magistrate failed to notice the appropriate subsections, but that the magistrate did not apply them to his case. The failure to expressly notice or cite the subsections is not error. In a prosecution for speeding, it is not necessary for the trial court to identify a specific statutory subsection provided that the defendant has "sufficient information to know the nature and cause of

3

the accusation against him and not be misled in the preparation of his defense." *Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, ¶ 20, and syllabus ("[a] citation for speeding that contains notice of both the prima facie offense and the basic facts supporting the charge includes all the necessary elements of the offense even if the citation does not also allege that the speed is unreasonable for existing conditions").

{¶18} In the present case, Brown was duly advised that he was charged with operating a vehicle at 50 m.p.h., a speed greater than ("over limits") the lawful speed limitation of 35 m.p.h., a violation of subsection (c) of Kirtland Ordinance 434.03. The failure to expressly cite this section is not, as claimed, a deficiency in the "opinion of law."

{¶19} The first assignment of error is without merit.

{¶20} In the second assignment of error, Brown claims the magistrate erred by not granting his Motion to Suppress All Evidence on the grounds that the police officer who issued the citation was under the mistaken belief that his conduct violated the law, i.e., that the lawful speed limit was 35 m.p.h. rather than 50 m.p.h.

{¶21} Assuming, arguendo, that the stop of Brown was illegal, this would not be grounds for dismissing the charges or suppressing evidence of the speed at which he was travelling. "[I]llegal arrest does not generally require dismissal of criminal charges, although it will require the suppression of evidence seized as a result of the arrest." (Citation omitted.) *State v. Taylor*, 7th Dist. Mahoning No. 13 MA 15, 2015-Ohio-1117, ¶ 10. The speed at which Brown was travelling was determined by radar prior to the stop of his vehicle and the issuance of a citation.

{¶22} The second assignment of error is without merit.

4

{¶23} The third, fifth, and sixth assignments of error may be considered jointly.

{¶24} In the third assignment of error, Brown claims that he was entitled to a judgment of acquittal since the City "failed to prove the existence of a posted speed limit within the jurisdiction and failed to prove that no reduction of the prima facie speed limit was applied for or granted." Appellant's brief at 8-9. In the fifth assignment, Brown argues the City failed to prove the existence of a posted speed limit within Kirtland's jurisdiction which complied with the OMUTCD (Ohio Manual of Uniform Traffic Control Devices). In the sixth assignment of error, Brown challenges the weight of the evidence.

{¶25} The record on appeal is inadequate to allow this court to address the merits of Brown's arguments. Brown makes claims regarding what the City failed to prove, yet he ordered only a partial transcript of the trial proceedings, specifically, his cross-examination of an Officer Petrick. The evidence presented by the City in support of the charge against Brown is not in the record before this court, thereby precluding our review of the sufficiency as well as the weight of that evidence.[2]

{¶26} "A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals." *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993). "When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the

---

2. We note that, on August 31, 2018, the City of Kirtland moved this court to order Brown "to file the complete Trial Transcript" since a complete transcript is "relevant to the findings or conclusion if the Appellant presents an Assignment of Error on Appeal that the Court's Decision was against the manifest weight of the evidence." Brown opposed such an order on the grounds that "a full transcript is unnecessary since the appeals court can make its own determination without a transcript based on the motion to suppress and the issues raised can be found in the partial transcript and based on appellant's motions filed on the docket." This court denied Kirtland's Motion on September 26, 2018, with the observation: "If appellant has not ordered a sufficient record of proceedings for this court's review, the result of such omission will be reflected in this court's final opinion."

evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues." *Id.* Stated otherwise: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶27} The third, fifth, and sixth assignments of error are without merit.

{¶28} In the fourth assignment of error, Brown argues the traffic citation failed to state an offense because "it did not state whether the speed was greater or less than reasonable." Appellant's brief at 12.

{¶29} We reject this argument for the same reasons set forth under the first assignment of error: a "complaint prepared pursuant to [the Ohio Traffic Rules] simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand." (Citation omitted.) *Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, at ¶ 19.

{¶30} The fourth assignment of error is without merit.

{¶31} For the foregoing reasons, Brown's conviction for violating Kirtland Ordinance 434.03 is affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.

6