[Cite as *State v. Brown*, 2023-Ohio-3017.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF PAINESVILLE, | CASE NO. 2023-L-023 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Painesville Municipal Court |
| JERRY L. BROWN, | Trial Court No. 2022 TRD 05806 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: August 28, 2023
Judgment: Affirmed

*Joseph M. Gurley*, Painesville City Prosecutor, 240 East Main Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*Jerry L. Brown*, pro se, 304 Maplebrook Drive, Painesville, OH 44077 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Defendant-appellant, Jerry L. Brown ("Mr. Brown"), appeals his minor misdemeanor conviction for speeding following a bench trial in the Painesville Municipal Court.

{¶2}   Mr. Brown asserts five assignments of error, contending the trial court erred (1) by overruling his motion to suppress; (2) by finding the state proved he was guilty of speeding beyond a reasonable doubt; and (3) in calculating the points to be assessed against him for speeding.  He further contends the state violated (4) his right to a speedy

trial by failing to try him within 30 days and (5) his right to due process pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose certain evidence prior to trial.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The trial court did not err in overruling Mr. Brown's motion to suppress. Even if the stop were illegal, this would not create grounds to suppress evidence of the speed at which Mr. Brown was driving. In any event, the trooper had reasonable suspicion for the stop based solely on his observation that Mr. Brown may have been speeding.

{¶5} (2) Mr. Brown failed to preserve his speedy trial argument for appellate review. In any event, the record reflects the existence of at least two tolling events, i.e., Mr. Brown's motion to suppress and his request for discovery.

{¶6} (3) Mr. Brown did not assert a due process challenge pursuant to *Brady* in the trial court. In any event, Mr. Brown's discovery issue was governed by Crim.R. 16 rather than *Brady*.

{¶7} (4) The trial court did not err by finding the state proved beyond a reasonable doubt Mr. Brown was guilty of driving 95 mph in a 60-mph zone, which we construe as challenging the sufficiency and manifest weight of the evidence. The record contains sufficient evidence to support Mr. Brown's conviction for speeding. In addition, the trial court did not clearly lose its way and create such a manifest miscarriage of justice that Mr. Brown's conviction must be reversed.

{¶8} (5) Mr. Brown was properly assessed four points pursuant to R.C. 4510.036(C)(12)(a). Despite the trial court's statements while summarizing the evidence,

2

the court ultimately found Mr. Brown violated R.C. 4511.21(D)(2) by driving 95 mph in a 60-mph zone.

{¶9}    Thus, Mr. Brown's assignments of error are without merit, and we affirm the judgment of the Painesville Municipal Court.

### Substantive and Procedural History

{¶10}  On the evening of December 16, 2022, Trooper Kalis of the Ohio State Highway Patrol observed a vehicle driving at a high rate of speed westbound on Route 2 in Painesville Township.  Trooper Kalis began following the vehicle, of which Mr. Brown was the driver.  According to Trooper Kalis, he utilized his "Bee III MPH" radar, his speedometer, and the GPS on his Axon camera system to measure the speed of his patrol car.  While catching up to Mr. Brown's vehicle, Trooper Kalis measured his speed to be between 90 and 103 mph.  While pacing Mr. Brown's vehicle, which he described as driving behind Mr. Brown while maintaining an equal distance, Trooper Kalis measured his speed to be 95 mph.  Trooper Kalis stopped Mr. Brown's vehicle and issued him a traffic citation for speeding (95 mph in a 60-mph zone) in violation of R.C. 4511.21(D)(2). The citation contained a summons ordering Mr. Brown to appear at the Painesville Municipal Court on January 4, 2023.

{¶11}   The citation was filed in the trial court on December 19, 2022.  On December 27, 2022, Mr. Brown, pro se, filed a "request for accommodation and change of time" due to his nursing school schedule, stating, "I seek to attend a late afternoon court date at 3pm or later," and "I will need the accommodation of time after January 4th, 2023."  Mr. Brown also filed a "request for discovery and Brady Request."  Mr. Brown requested, among other items, the names of the state's witnesses; "any video/audio recordings of

3

the stop, such as the dash cam video"; and "[t]he maintenance records for patrol vehicle [sic] and all electronic devices relevant to measure speed of the accused."

{¶12} On December 29, 2022, Mr. Brown filed a motion to suppress "all evidence" the state may seek to introduce. Mr. Brown argued Trooper Kalis did not have reasonable suspicion to stop his vehicle because the trooper did not properly pace his vehicle.

{¶13} On the same day, Mr. Brown completed and filed a form entering a not guilty plea. He crossed out the portion of the form where he could have waived his speedy trial rights and wrote "do not consent to waive speedy trial or any rights." The trial court scheduled a pretrial for January 3, 2023.

{¶14} On January 3, 2023, Mr. Brown's "request for accommodation and change of time" and "request for discovery and Brady Request" were refiled in the trial court. The trial court scheduled Mr. Brown's trial for January 17, 2023.

{¶15} At trial, the state appeared through counsel, and Mr. Brown appeared pro se. The trial court asked if there were any preliminary issues, and Mr. Brown stated he filed a motion to suppress "[t]he observation and the reason for the stop." The trial court stated it would hear the issue during the trial.

{¶16} Mr. Brown also stated he filed a motion regarding "discovery." He indicated he received the witness list but did not "receive[] any (indiscernible) records or anything like that." The state confirmed Trooper Kalis was its only trial witness. The trial court stated it would address the issue of "maintenance records" during the trial.

{¶17} The state presented the testimony of Trooper Kalis and played the trooper's Axon video. Trooper Kalis stated Mr. Brown had submitted a public records request for the video; however, when the Ohio State Highway Patrol responds to such requests, it

4

removes the speed "off the top left." The video played at trial contained the speed. Mr. Brown objected to the state's questions regarding Trooper Kalis' use of radar and GPS. The trial court noted Mr. Brown's objections but stated it would hear the evidence and permit Mr. Brown to readdress his objections.

{¶18} Mr. Brown cross-examined Trooper Kalis but did not present any evidence or witnesses. Mr. Brown presented argument regarding "case law"; however, the transcript indicates many of his statements were "indiscernible."

{¶19} Following Mr. Brown's argument, the trial court denied his motion to suppress and found he violated R.C. 4511.21(D)(2). The trial court ordered Mr. Brown to pay a fine of $35 plus costs and indicated it was "a 4-point offense." The trial court filed an entry containing handwritten notations.

{¶20} Mr. Brown filed a notice of appeal, attaching the trial court's entry. This court was unable to discern whether the trial court's entry was a final judgment of conviction. We remanded the matter to the trial court to issue a sentencing entry. The trial court subsequently filed a nunc pro tunc sentencing entry finding Mr. Brown guilty of speeding (95 mph in a 60-mph zone) in violation of R.C. 4511.21(D)(2) and ordering him to pay a fine of $35 plus costs.

{¶21} Mr. Brown filed a motion to correct the trial transcript. He sought to correct only "the most relevant issues" relating to "his cross-examination" and wrote that "anything not addressed * * * is not relevant enough to correct." This court remanded the matter to the trial court to determine whether it was necessary to correct the trial transcript. The court reporter subsequently filed a corrected trial transcript.

Case No. 2023-L-023

{¶22} Mr. Brown next filed a "motion for leave," seeking to include a "USB/flashdrive" in the appellate record. The first file (Exhibit A) purportedly contained "video footage of the traffic stop and the trial." The second file (Exhibit B) purportedly contained "video footage of the Trooper's dashcam which includes the full traffic stop." This court again remanded the matter to the trial court to determine whether Mr. Brown's exhibits should be made part of the record. The trial court filed a judgment entry making Exhibit A part of the record but determined it could not make Exhibit B part of the record because it was not introduced at trial.

{¶23} Mr. Brown raises the following five assignments of error:

{¶24} "[1.] Did the trial court commit reversible error by overruling the motion to suppress?

{¶25} "[2.] Did the trial court err in determining that discovery was given by the State when it prejudicially affected the substantial rights of the appellant to prepare a defense and receive a fair trial?

{¶26} "[3.] Was my right to a speedy trial violated when the prosecution failed to bring appellant to trial before 30 days on a minor misdemeanor?

{¶27} "[4.] The trial court erred to the prejudice of defendant-appellant by finding that the State proved beyond a reasonable doubt that I was guilty of speeding 95mph in a 60mph zone.

{¶28} "[5.] Did the trial court err in calculating BMV points?"

**Motion to Suppress**

{¶29} In his first assignment of error, Mr. Brown contends the trial court erred by overruling his motion to suppress. Mr. Brown sought to suppress "all evidence" the state

6

intended to introduce at trial, arguing Trooper Kalis did not have reasonable suspicion to stop his vehicle.

{¶30} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.* On appeal, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶31} "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7. "The United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *Id.*; *see Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). "Further, '[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances.'" *Mays* at ¶ 7, quoting *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of the syllabus. "Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted

7

by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Id.* at ¶ 8.

{¶32} Mr. Brown argues Trooper Kalis did not properly pace his vehicle by keeping an equal distance. Therefore, he argues, the trooper could not have accurately determined his speed. We rejected a similar argument in *Kirtland v. Brown*, 11th Dist. Lake No. 2018-L-092, 2019-Ohio-748, a case in which Mr. Brown challenged a prior speeding conviction. We stated:

{¶33} "Assuming, arguendo, that the stop of [Mr.] Brown was illegal, this would not be grounds for dismissing the charges or suppressing evidence of the speed at which he was traveling. '[I]llegal arrest does not generally require dismissal of criminal charges, although it will require the suppression of evidence seized as a result of the arrest.' (Citation omitted.) *State v. Taylor*, 7th Dist. Mahoning No. 13 MA 15, 2015-Ohio-1117, ¶ 10. The speed at which Brown was traveling was determined by radar prior to the stop of his vehicle and the issuance of a citation." *Id.* at ¶ 21.

{¶34} The same analysis applies here. Mr. Brown sought to suppress evidence obtained *prior* to the stop of his vehicle—i.e., Trooper Kalis' observations and use of a speedometer, radar, and GPS—not evidence obtained as a result of an allegedly illegal stop. In essence, Mr. Brown challenged the sufficiency and/or weight of the state's evidence that he was speeding. Crim.R. 12(C) only permits the filing of a pretrial motion "that is capable of determination without the trial of the general issue."

{¶35} Even if the stop's legality were properly before us for review, Mr. Brown's argument would lack merit. "[T]he opinion of [an] officer, based upon physical observation, that [an] appellant was operating his vehicle in excess of the speed limit

8

provide[s] specific articulable facts upon which to base a reasonable suspicion that appellant was in violation of the laws regulating speeding * * *." *State v. Cunningham*, 4th Dist. Ross No. 1255, 1986 WL 13419, *2 (Nov. 24, 1986); *see Mays* at ¶ 16 ("When an officer observes a vehicle drifting back-and-forth across an edge line, the officer has a reasonable and articulable suspicion that the driver has violated R.C. 4511.33"). "[A]n officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied every element of the offense." *State v. Reddington*, 9th Dist. Medina No. 14CA0064-M, 2015-Ohio-2890, ¶ 16.

{¶36} Trooper Kalis testified that prior to pacing Mr. Brown's vehicle, he observed Mr. Brown traveling at a high rate of speed. Thus, the manner in which Trooper Kalis paced Mr. Brown's vehicle was not the sole basis for his suspicion.

{¶37} Mr. Brown cites this court's decision in *State v. Jarosz*, 2013-Ohio-5839, 5 N.E.3d 1102 (11th Dist.). In that case, the defendant was charged by citation with speeding and OVI. *Id.* at ¶ 2. The defendant filed a motion to suppress, arguing the trooper lacked reasonable suspicion to stop him and lacked probable cause to order him to exit his vehicle to perform field sobriety tests. *Id.* Following a suppression hearing, the trial court granted the defendant's motion. *Id.* at ¶ 12. The trial court found, based on the video of the stop, the trooper did not maintain an equal distance from the defendant's vehicle while pacing him. *Id.* Therefore, the trooper had no grounds to stop the defendant. *Id.*

{¶38} The state appealed the trial court's judgment, and this court affirmed. We explained, "As the trier of fact, the trial court was entitled to determine, as it obviously did, that the video contradicted the trooper's testimony and that his testimony was thus not

9

credible. While we might not have reached the same conclusion as the trial court, due to the deference this court must give the trial court in its role as trier of fact, we are bound to interpret the evidence in a manner consistent with the trial court's ruling." *Id.* at ¶ 20.

{¶39} *Jarosz* is readily distinguishable. In that case, the defendant also sought to suppress *post-stop* evidence indicative of OVI. *See id.* at ¶ 6-8. Here, Mr. Brown only sought to suppress *pre-stop* evidence indicative of speeding.

{¶40} Mr. Brown also cites the South Euclid Municipal Court's judgment entry and opinion in *South Euclid v. Fuller*, South Euclid M.C. No. TRD 1303272 (November 17, 2015). *Fuller* does not involve a ruling on a motion to suppress; it is the trial court's "not guilty" verdict following a bench trial. The trial court found the state failed to prove beyond a reasonable doubt the defendant was speeding. Therefore, *Fuller* is inapposite.

{¶41} Accordingly, the trial court did not err in overruling Mr. Brown's motion to suppress. Mr. Brown's first assignment of error is without merit.

**Speedy Trial**

{¶42} We review Mr. Brown's remaining assignments of error out of order.

{¶43} In his third assignment of error, Mr. Brown contends the state violated his right to a speedy trial by failing to try him within 30 days.

{¶44} Speedy-trial issues present mixed questions of law and fact. *State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-4773, 877 N.E.2d 747, ¶ 18 (11th Dist.). We accept the facts as found by the trial court on some competent, credible evidence but freely review the application of the law to the facts. *Id.*

{¶45} The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. *Id.* at ¶ 16.

Case No. 2023-L-023

The statutory speedy-trial provisions set forth at R.C. 2945.71 et seq. are coextensive with these constitutional rights. *Id.*

**{¶46}** Mr. Brown's argument is based on the statutory provisions.[1] Mr. Brown was charged with speeding in violation of R.C. 4511.21(D)(2), which is a minor misdemeanor. *See* R.C. 4511.21(P)(1)(a). "[A] person * * * against whom a charge of minor misdemeanor is pending in a court of record * * * shall be brought to trial within thirty days after the person's arrest or the service of summons." R.C. 2945.71(A). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B).

**{¶47}** Mr. Brown contends his trial occurred one day after the expiration of the 30-day period. However, Mr. Brown did not raise a speedy trial issue in the trial court. A defendant cannot raise a speedy trial issue for the first time on appeal. *See State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 37. "'[I]f an appellant claims on appeal that his right to speedy trial was denied, and the record demonstrates that he permitted the trial to proceed without objection, then he has waived the issue and is barred from raising the issue of the denial of his speedy trial on appeal.'" *State v. Zaken*, 11th Dist. Ashtabula No. 2006-A-0036, 2007-Ohio-2306, ¶ 26, quoting *State v. Pocius*, 11th Dist. Lake No. 95-L-179, 1996 WL 761213, *6 (Dec. 13, 1996).

**{¶48}** The record indicates Mr. Brown declined to waive his speedy trial rights when he entered his not guilty plea on December 29, 2022. However, Mr. Brown did not object at any time after the trial court scheduled his trial date for January 17, 2023, nor

---

1. This opinion discusses the versions of R.C. 2945.71 et seq. effective to April 3, 2023.

Case No. 2023-L-023

did he file a motion to discharge the offense pursuant to R.C. 2945.73(B). Thus, Mr. Brown failed to preserve this alleged error for appellate review.

{¶49} Even if we considered the merits of Mr. Brown's argument, it would lack merit. "The time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). The record reflects the existence of at least two tolling events. Specifically, Mr. Brown filed a request for discovery and a motion to suppress, both of which tolled the speedy-trial period. *See State v. Sanchez*, 110 Ohio St.3d 274, 853 N.E.2d 283, 2006-Ohio-4478, ¶ 25. While the record does not indicate the state filed responses, "[i]t is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension." *Id.* at ¶ 26. Accordingly, Mr. Brown's right to a speedy trial was not violated.

{¶50} Mr. Brown's third assignment of error is without merit.

### Due Process

{¶51} In his second assignment of error, Mr. Brown contends the state violated his due process rights by failing to disclose certain evidence prior to trial. In particular, Mr. Brown references evidence regarding the location where Trooper Kalis first noticed him; video evidence that included GPS; and the model and brand of the radar.

{¶52} Mr. Brown is asserting an argument based on *Brady v. Maryland*, *supra*. Under *Brady*, the state violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment. *Id.* at 87. "[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have

12

been different. In other words, favorable evidence is subject to constitutionally mandated disclosure when it 'could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Cone v. Bell*, 556 U.S. 449, 469-470, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009), quoting *Kyles v. Whitley*, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). The defendant carries the burden to prove a *Brady* violation rising to the level of a denial of due process. *State v. Iacona*, 93 Ohio St.3d 83, 92, 752 N.E.2d 937 (2001).

{¶53} Mr. Brown did not assert a due process challenge pursuant to *Brady* in the trial court. Therefore, he has forfeited all but plain error. *See State v. Cleavenger*, 9th Dist. Summit No. 29711, 2022-Ohio-1041, ¶ 14; Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court").

{¶54} Even if we reviewed for plain error, Mr. Brown's argument would not implicate *Brady*. Mr. Brown does not contend the evidence was favorable to him or that it was material. Rather, he contends the state unfairly surprised him with the evidence at trial. The Supreme Court of Ohio has held "*Brady* is not violated when disclosure occurs during trial, even when disclosure surprises the defendant with previously undisclosed evidence. * * * In such a circumstance a trial court has authority, pursuant to Crim.R. 16[(L)(1)], to grant a continuance or make other orders that the court deems just to ensure that the recently disclosed information can be evaluated, and used at defense counsel's option, before the trial is concluded." *Iacona* at 100.

{¶55} While the transcript indicates Mr. Brown objected to Trooper Kalis' testimony regarding radar and GPS, the trial court stated it would hear the evidence and

13

permit Mr. Brown to readdress his objections. The record does not demonstrate Mr. Brown did so or that he moved for a continuance or other relief.

{¶56} Accordingly, Mr. Brown's second assignment of error is without merit.

**Sufficiency/Manifest Weight of the Evidence**

{¶57} In his fourth assignment of error, Mr. Brown contends the trial court erred by finding the state proved beyond a reasonable doubt he was guilty of driving 95 mph in a 60-mph zone. We construe Mr. Brown's fourth assignment of error as challenging the sufficiency and manifest weight of the evidence.

*Sufficiency*

{¶58} "'"[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether * * * the evidence is legally sufficient to support the * * * verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Id.* "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "This test involves a question of law and does not permit us to weigh the evidence." *State v. Muncy*, 11th Dist. Ashtabula No. 2011-A-0066, 2012-Ohio-2830, ¶ 13.

14

{¶59} Mr. Brown was charged with speeding in violation of R.C. 4511.21(D)(2), which provides, in relevant part, "No person shall operate a motor vehicle * * * upon a street or highway * * * [a]t a speed exceeding sixty miles per hour upon a two-lane state route as provided in division (B)(10) of this section and upon a highway as provided in division (B)(12)." Trooper Kalis testified the posted speed limit for the road on which Mr. Brown was driving was 60 mph. Using his speedometer, radar, and GPS, he measured the speed of his patrol car while following Mr. Brown's vehicle. After he caught up, he paced Mr. Brown's vehicle, meaning he drove behind Mr. Brown while maintaining an equal distance. While pacing, Trooper Kalis measured the speed of his patrol car to be 95 mph. Thus, he determined Mr. Brown was driving 95 mph.

{¶60} Mr. Brown argues Trooper Kalis failed to produce certification regarding his radar's accuracy. The Supreme Court of Ohio has held "[t]he results of a speed-measuring device using either radar or laser technology are admissible in court without expert testimony establishing, or the court taking judicial notice of, the reliability of the scientific principles of that technology. However, the fact-finder is required to determine whether the evidence presented concerning the accuracy of the particular speed-measuring device and the qualifications of the person who used it is sufficient to support a conviction based on the device's results." *Brook Park v. Rodojev*, 161 Ohio St.3d 58, 2020-Ohio-3253, 161 N.E.3d 511, syllabus.

{¶61} Trooper Kalis testified he calibrated his radar for accuracy prior to his shift that day and determined it was operating properly. On cross-examination, Trooper Kalis conceded he did not possess documentation verifying its accuracy. However, Mr. Brown cites no authority indicating the trooper's testimony was required to be corroborated by

15

documentary evidence. Therefore, the trial court was entitled to rely solely on Trooper Kalis' testimony to establish the accuracy of his radar.

{¶62} Mr. Brown next argues Trooper Kalis failed to testify regarding the accuracy of his speedometer. During cross-examination, Trooper Kalis testified he did not recall when his speedometer was last checked for accuracy. However, Trooper Kalis testified he also measured the speed of his patrol through radar and GPS, and all of these measurements were consistent. Therefore, the trooper's testimony supports an inference his speedometer was accurate.

{¶63} Mr. Brown also asserts various arguments contending Trooper Kalis' testimony was inconsistent, incredible, and/or contradicted by his dash cam. These arguments involve the trooper's credibility and the weight of the evidence, not sufficiency. *See State v. Andre*, 8th Dist. Cuyahoga No. 101023, 2015-Ohio-17, ¶ 34 (appellant's contention that surveillance video contradicted officer's testimony went to credibility and weight).

{¶64} Accordingly, there was sufficient evidence to support Mr. Brown's conviction for speeding.

### *Manifest Weight*

{¶65} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and

16

created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins*, *supra*, at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶66} "'When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.'" *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶67} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). This is because the trier of fact is in the best position to "observe and evaluate the demeanor, voice inflection, and gestures of the witnesses." *State v. Dach*, 11th Dist. Trumbull Nos. 2005-T-0048 and 2005-T-0054, 2006-Ohio-3428, ¶ 42. "A fact finder is free to believe all, some, or none of the testimony of each witness appearing before it." *State v. Fetty*, 11th Dist. Portage No. 2011-P-0091, 2012-Ohio-6127, ¶ 58.

{¶68} Mr. Brown argues Trooper Kalis' testimony was not credible because he inaccurately claimed Mr. Brown failed to signal; he incorrectly stated the color of Mr. Brown's vehicle; and "[n]o one in their right mind would purposely speed with an officer

17

behind him, let alone, continue to speed 95mph in a 60mph zone knowing they are being followed by law enforcement."

{¶69} Mr. Brown also argues Trooper Kalis' testimony is not supported by and is inconsistent with the dashcam video. According to Mr. Brown, the video shows Trooper Kalis' speed fluctuated; he had to pass multiple vehicles to catch up; he did not maintain an equal speed or distance when his speed was 95 mph; he reached 95 mph only when he was gaining on Mr. Brown; and his speed dropped to the low 60-mph range when he was directly behind Mr. Brown.

{¶70} The only evidence before the trial court was Trooper Kalis' testimony and the video. The trial court apparently determined Trooper Kalis' testimony was credible and the video supported, or at least did not materially undermine, the trooper's testimony. While the video is not a model of clarity, this is common in traffic stops. As we have previously stated, "Such recordings are often extremely fast-paced, poorly lit, shaky, and taken from less than an ideal perspective." *Jarosz*, *supra*, at ¶ 20. Based on our review of the video, we see nothing that clearly contradicts Trooper Kalis' version of events.

{¶71} In support of his argument, Mr. Brown again cites this court's decision in *Jarosz* and the municipal court's judgment entry in *Fuller*, *supra*. *Jarosz* is procedurally distinguishable, as it involved our review of the trial court's ruling on a motion to suppress, not the manifest weight of the trial evidence. To the extent *Jarosz* is analogous, however, it supports our determination in this case. In *Jarosz*, we deferred to the trial court's determination that the trooper's testimony was not credible. Here, we defer to the trial court's opposite credibility determination. *Fuller* is also distinguishable, as it involved the trial court's "not guilty" verdict following a bench trial. This court's review of the trial

18

evidence on appeal is much more limited than that of the fact finder in determining a defendant's guilt.

{¶72} Upon review, we cannot say the trial court clearly lost its way and created such a manifest miscarriage of justice that Mr. Brown's conviction must be reversed. Accordingly, Mr. Brown's conviction is not against the manifest weight of the evidence.

{¶73} Mr. Brown's fourth assignment of error is without merit.

### Points Assessment

{¶74} In his fifth and final assignment of error, Mr. Brown contends the trial court erred by assessing four points against him rather than two.

{¶75} Mr. Brown did not inform the trial court of this purported error. "[T]he fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982). Even if we reviewed for plain error, however, there is no error in the trial court's application of the law.

{¶76} Ohio has established a system assessing points for various motor vehicle violations. *See generally* R.C. 4510.036. R.C. 4510.036(C) (effective January 27, 2012 to April 3, 2023) provides, in relevant part:

{¶77} "A court shall assess the following points for an offense based on the following formula:

{¶78} "* * *

{¶79} "(12) A violation of any law or ordinance pertaining to speed:

19

Case No. 2023-L-023

{¶80} "(a) Notwithstanding divisions (C)(12)(b) and (c) of this section when the speed exceeds the lawful speed limit by thirty miles per hour or more…………. 4 points

{¶81} "(b) When the speed exceeds the lawful speed limit of fifty-five miles per hour or more by more than ten miles per hour.......... 2 points * * *[.]"

{¶82} Mr. Brown contends the trial court determined his vehicle traveled at least 20 mph over the post speed limit; therefore, the trial court should have assessed two points against him. Mr. Brown's contention is incorrect. The trial court made this comment while summarizing Trooper Kalis' trial testimony. For instance, the trial court also commented that the trooper's testimony suggested Mr. Brown was driving somewhere between 90 and 103 mph. The trial court ultimately found Mr. Brown violated R.C. 4511.21(D)(2) by driving 95 mph in a 60-mph zone, which it incorporated into the sentencing entry. Accordingly, Mr. Brown was properly assessed four points.

{¶83} Mr. Brown's fifth assignment of error is without merit.

{¶84} For the foregoing reasons, the judgment of the Painesville Municipal Court is affirmed.


JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2023-L-023